UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVE BURKE and JILL MISKELLEY,
Co-Personal Representatives for the
Estate of DANIEL TROJANOWSKI, deceased,

      Plaintiff,

vs.

                              Case No. 05-CV-71873
                              HON. GEORGE CARAM STEEH

HURON VALLEY CENTER, et al.,

      Defendants.

_____/

## ORDER DENYING PLAINTIFF ESTATE'S
## MOTIONS FOR RECONSIDERATION (# 66, #67)

Plaintiff Estate of Daniel Trojanowski moves in separate motions for reconsideration of that part of the court's September 14, 2007 Order granting summary judgment in favor of defendants Dr. Vadlamundi and R.N. Nannyonga. The several defendants' motions for dismissal or summary judgment were referred to Magistrate Judge R. Steven Whalen, who issued a July 26, 2007 Report and Recommendation recommending <u>inter alia</u> that Nannyonga's motion for summary judgment be granted, and Dr. Vadlamundi's motion for summary judgment be denied. The parties filed timely objections to the Report and Recommendation and, ruling on those objections, the court issued the September 14, 2007 Order granting summary judgment in favor of all defendants, including Nannyonga and Dr. Vadlamundi.

Generally, and without restricting the court's discretion, the court will not grant a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a

palpable defect by which the court and the parties have been mislead but also show that correcting the defect will result in a different disposition of the case. E.D. Mich. LR 7.1(g)(3).

In the two motions for reconsideration, plaintiff merely presents the same issues ruled upon by the court in the September 14, 2007 Order. Plaintiff cites deposition testimony of Nannyonga and Dr. Vadlamundi in arguing that the court palpably erred in concluding that the record could not support a finding that either Nannyonga and Dr. Vadlamundi were deliberately indifferent to decedent Trojanowski's need for medical treatment for an asthma attack. Construed in a light most favorable to plaintiff Estate, the deposition testimony at best supports claims of medical negligence or carelessness, claims that do not constitute actionable deliberate indifference as a matter of law. See Comstock v. McCrary, 273 F.3d 693, 703 (6th Cir. 2001) (citing Farmer v. Brennan, 511 U.S. 825, 836 (1994) and Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Plaintiff has failed to demonstrate the court palpably misconstrued the testimony of Nannyonga and Dr. Vadlamundi in when reviewing the record de novo and ruling that Nannyonga and Dr. Vadlamundi are entitled to summary judgment as a matter of law. Amway Distributors Benefits Ass'n v. Northfield Ins. Co., 323 F.3d 386, 390 (6th Cir. 2003); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Accordingly,

Plaintiff Estate's motions for reconsideration are hereby DENIED.

Dated: October 15, 2007

                                                  s/George Caram Steeh
                                                  GEORGE CARAM STEEH
                                                  UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 15, 2007, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk